IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CORPORATE FINANCING GROUP,  )
INC., an Oklahoma corporation,  )
                                 )
             Plaintiff,  )
                                 )
vs.  )     Case Number CIV-08-1329-C
                                 )
(1) JEFF McMAHAN; (2) TIM  )
ARBAUGH; (3) STEVEN R. PHIPPS;  )
and (4) BRENDA PHIPPS,  )
                                 )
             Defendants.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a complaint alleging violations of 42 U.S.C. §§ 1983 and 1985, along with a state law claim for conspiracy. Plaintiff contends that Defendants conspired to cause a state auditor's action to be filed against Plaintiff in exchange for money and political favors. Defendants Steven Phipps and Brenda Phipps (Defendants) filed separate motions to dismiss pursuant to Rule 12(b)(6), both arguing that Plaintiff failed to state a valid claim for relief.

## BACKGROUND

Defendant Steven Phipps owns, or did own, one-third of the shares in Plaintiff corporation. Another one-third was owned by Gene Stipe. In 2005, Mr. Stipe filed a lawsuit against Defendant Steven Phipps and Plaintiff seeking, among other things, an accounting of corporate activities and dissolution of the company. Mr. Stipe also brought claims against Defendant Steven Phipps for unlawful business dealings.

Plaintiff contends that Defendants then conspired together to punish Mr. Stipe for bringing the lawsuit and to attempt to obtain leverage to encourage a favorable settlement. Defendant Jeff McMahan, who was at that time Oklahoma State Auditor, filed an auditor's action against Plaintiff corporation in an effort to revoke the abstracting licenses for Plaintiff's abstracting companies. There was no legal basis for this action. Plaintiff contends that Defendants Steven R. Phipps, Jeff McMahan, and Tim Arbaugh controlled the state auditor's case against Plaintiff, denying it of its right to a fair and impartial hearing and adjudication. Plaintiff contends that Defendant Brenda Phipps took part in meetings concerning the conspiracy and provided money to Defendant McMahan in return for his actions.

## STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, the Court must accept the complaint as true and must construe all facts in the light most favorable to the Plaintiff. Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). Consistent with the liberal pleading standards of Fed. R. Civ. P. 8(a)[1], the plaintiff need not plead detailed factual allegations, but the face of the complaint must indicate a plausible right to relief that is not simply speculative. James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270 (11th Cir. Aug. 20, 2008). A complaint containing only conclusory allegations without any factual

---

[1] Fed. R. Civ. P. 8(a) provides that "A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." This has been interpreted to require the complaint to provide sufficient notice to the defendant regarding what the plaintiff is claiming and the grounds upon which the claim is made. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1964 (2007).

support will not survive a motion to dismiss.  <u>Briscoe v. LaHue</u>, 663 F.2d 713, 723 (7th Cir. 1981).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  <u>Bell Atlantic Corp.</u>, 550 U.S. at ___, 127 S.Ct. at 1969.

## <u>ANALYSIS</u>[2]

*1.  Plaintiff's § 1985 Claim*[3]

While not stated in Plaintiff's complaint, its response indicates that it alleges a conspiracy pursuant to 42 U.S.C. § 1985(2).  (<u>See</u> Pl.'s Resp. at 3-5.)  That subsection provides four separate causes of action.  <u>Brever v. Rockwell Int'l. Corp.</u>, 40 F.3d 1119, 1126 (10th Cir. 1994).  The first two, which concern interference with a witness's testimony in federal court, are clearly inapplicable to the present case.  The last two causes of action arise if:

> two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2).  In order to state a valid claim pursuant to either of the last two clauses, Plaintiff must allege that the conspiracy was motivated by a racial or other class-based

---

[2]  Because Defendants' motions to dismiss are virtually identical, they will be addressed together.

[3]  Plaintiff's response to the Defendant Steven Phipps's motion to dismiss indicates that it is seeking relief pursuant to 42 U.S.C. § 1985(2).  Accordingly, the remaining sections of § 1985 will not be addressed.

3

invidiously discriminatory animus.  Smith v. Yellow Freight System, Inc., 536 F.2d 1320, 1323 (10th Cir. 1976).  The Tenth Circuit narrowly construes the requirement of class-based animus, Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993), and generally courts do not find such motivation "in cases involving allegations of classes that were not readily recognizable or that tended to be defined by one particular activity or by plaintiff's individual situation and that were not traditionally among those groups protected by the civil rights laws."  Silkwood v. Kerr-McGee Corp., 460 F. Supp. 399, 405 (W.D. Okla. 1978).

Plaintiff argues that Defendants' actions were motivated by class-based animus because they targeted "businesses involved with Gene Stipe and Steven Phipps." (Pl.'s Resp. at 4.(Dkt. No. 14).)  The Court finds this insufficient to give rise to a cause of action under 42 U.S.C. § 1985(2).  A conspiracy against businesses involved with two particular individuals is not the type of activity that this statute was intended to prevent, and therefore the Court finds that Plaintiff has failed to state a claim for relief pursuant to 42 U.S.C. § 1985.

## 2. *Plaintiff's § 1983 Claim*

Defendants contend that Plaintiff has not alleged sufficient facts to support a claim against them pursuant to 42 U.S.C. § 1983.  However, the Court finds it unnecessary to address Defendants' arguments.  Plaintiff's complaint clearly limits its § 1983 claim to Defendants Jeff McMahan and Tim Arbaugh, and therefore there is nothing to dismiss with respect to Defendants Steven and Brenda Phipps.

*3.  Plaintiff's State Law Claim*

Finally, Defendants contend that, absent any federal claims, the Court lacks jurisdiction over Plaintiff's state law claim and that it should be dismissed.  Although there are no remaining federal claims asserted against Defendants Steven and Brenda Phipps, Plaintiff still maintains federal claims against the other two defendants.  Pursuant to 28 U.S.C. § 1367(a), the Court has jurisdiction over all related claims that "form part of the same case or controversy . . . includ[ing] claims that involve the joinder or intervention of additional parties."  The Court finds that, at this point in the litigation, Plaintiff's state claim against Defendants Steven and Brenda Phipps should remain consolidated with its federal claims against the remaining two defendants.

## CONCLUSION

Accordingly, Defendants' motions to dismiss (Dkt. Nos. 7 and 9) are GRANTED IN PART and DENIED IN PART.  Plaintiff's § 1985 claim (First Count) against Defendants Steven and Brenda Phipps is DISMISSED WITH PREJUDICE.  All other claims remain pending.

IT IS SO ORDERED this 5th day of March, 2009.


ROBIN J. CAUTHRON
United States District Judge