IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORPORATE FINANCING GROUP, INC., an Oklahoma corporation, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>(1) JEFF McMAHAN; (2) TIM ARBAUGH; (3) STEVEN R. PHIPPS; and (4) BRENDA PHIPPS, )<br>)<br>Defendants. ) | Case Number CIV-08-1329-C |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed an Amended Complaint on June 19, 2009, pursuant to 42 U.S.C. § 1983 against Defendants Steven and Brenda Phipps (Defendants). Plaintiff contends that Defendants, acting in conspiracy with Mr. McMahan and Mr. Arbaugh, caused the filing of a meritless auditor's action against Plaintiff in exchange for money and political favors. Defendants filed the present Motion to Dismiss, arguing that Plaintiff failed to allege a violation of constitutional dimension sufficient to support a § 1983 claim. Once this claim is dismissed, Defendants contend that the Court will no longer have jurisdiction over the state law claim remaining against them, and it must therefore be dismissed.

In considering a Rule 12(b)(6) motion to dismiss, the Court must accept the complaint as true and must construe all facts in the light most favorable to the Plaintiff. Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). Consistent with the liberal pleading

standards of Fed. R. Civ. P. 8(a)[1], the plaintiff need not plead detailed factual allegations, but the face of the complaint must indicate a plausible right to relief that is not simply speculative.  James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270  (11th Cir. 2008).  A complaint containing only conclusory allegations without any factual support will not survive a motion to dismiss.  Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp., 550 U.S. 544, 563 (2007).

As the Court noted in its Order permitting Plaintiff to file an Amended Complaint, "[i]t is conceivable that persons . . . might so use the state judicial process as to deprive a person of his property without due process of law, or of equal protection of the laws." Bottone v. Lindsley, 170 F.2d 705, 707 (10th Cir. 1948).  In order to maintain such a claim pursuant to § 1983, "the state court proceedings must have been a complete nullity, with a purpose to deprive a person of his property without due process of law."  Id.  In Bottone, the plaintiff's claim was dismissed because he "regularly invoked the jurisdiction of the State Court, the case was tried, judgment was rendered, appealed to and affirmed by the Supreme Court of Colorado," id., and therefore the Tenth Circuit found that the proceeding did not deny him of due process or equal protection.

---

[1]  Fed. R. Civ. P. 8(a) provides that "A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  This has been interpreted to require the complaint to provide sufficient notice to the defendant regarding what the plaintiff is claiming and the grounds upon which the claim is made.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The only facts alleged in connection with this claim in Plaintiff's Complaint are: Defendants conspired with Mr. McMahan and Mr. Arbaugh to file an auditor's action against Plaintiff in an effort to revoke the company's abstracting licenses, eliminating its ability to legally operate in Oklahoma; Defendants knew that the auditor's action had no legitimate legal basis; during the course of a separate federal action, it was revealed that the purpose of the auditor's action was to punish one of Plaintiff's shareholders and serve as a bargaining chip in an ongoing state court lawsuit; Defendant Steven Phipps obtained the law firm that represented Plaintiff in the auditor's action, while at the same time manipulating and controlling the action to Plaintiff's detriment; and Defendant Brenda Phipps took part in meetings where she illegally provided money to Mr. McMahan in exchange for his influence.

These facts, without more, fail to support a § 1983 claim. As urged by Defendants, Plaintiff failed to allege any deprivation of its constitutional rights. The mere filing of a groundless civil suit, without more, does not give rise to liability under § 1983. Beker Phosphate Corp. v. Muirhead, 581 F.2d 1187, 1189 (5th Cir. 1978). Rather, a plaintiff must demonstrate a deprivation of constitutional dimension in order to maintain such a claim. Id. (noting that "conduct which merely engenders common law tort liability, without infringing on Constitutionally protected interests, is not a sufficient basis to support a cause of action under Section 1983."). Here, Plaintiff has not alleged that it was ever deprived of its abstracting licenses or in any other way deprived of its liberty or property, and consequently it has not adequately alleged a due process violation.

Additionally, Plaintiff has not sufficiently alleged a violation of equal protection. Because Plaintiff's claim does not implicate a suspect class or a fundamental right, it is a "class-of-one" equal protection claim. Grubbs v. Bailes, 445 F.3d 1275, 1281 (10th Cir. 2006). To maintain such a claim, "the plaintiff must 'provide compelling evidence of other similarly situated persons who were in fact treated differently.'" Id. at 1282 (citation omitted). Here, Plaintiff has not alleged any facts with respect to how similarly situated corporations were treated, and accordingly cannot demonstrate a violation of his equal protection rights.

Because the sole federal claim pending against Defendants will be dismissed, they contend that the Court lacks jurisdiction over Plaintiff's remaining state law conspiracy claim. Pursuant to 28 U.S.C. § 1367(a), the Court has jurisdiction over all related claims that "form part of the same case or controversy . . . includ[ing] claims that involve the joinder or intervention of additional parties." The Rule further provides that courts may decline to exercise supplemental jurisdiction in four specific situations:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Id. at (c).

Although no federal claims remain against Defendants, the Court notes that Plaintiff's federal claims against Mr. Arbaugh and Mr. McMahan are still pending. While neither

individual has entered an appearance in or otherwise defended against the present action, the claims remain. Authority from other circuits indicates that a default judgment is not considered a dismissal for purposes of § 1367(c)(3), and therefore a district court may not decline to exercise supplemental jurisdiction on that basis. See Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 926 (9th Cir. 2003); Morin v. Empiyah & Co., LLC, 389 F. Supp. 2d 506, 511 (S.D.N.Y. 2005); see also 13D Charles Alan Wright, et al., Federal Practice and Procedure § 3567.3. Additionally, the Court finds that this case does not present exceptional circumstances warranting a decline of jurisdiction. Plaintiff's state law claim will therefore not be dismissed.

Accordingly, Defendant Steven R. Phipps and Brenda Phipps' Motion to Dismiss Amendment to Complaint (Dkt. No. 29) is GRANTED IN PART and DENIED IN PART. Plaintiff's § 1983 claim against these Defendants is DISMISSED WITHOUT PREJUDICE. Plaintiff's state law conspiracy claim remains.

IT IS SO ORDERED this 15th day of September, 2009.

_____
ROBIN J. CAUTHRON
United States District Judge